UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>GARY J. MARTEL, D/B/A MARTEL FINANCIAL GROUP, and MFG FUNDING,<br><br>        Defendant. | Case No. 1:12-CV-11095-FDS |

### [PROPOSED] FINAL JUDGMENT OF PERMANENT INJUNCTION, DISGORGEMENT AND OTHER RELIEF

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint on June 19, 2012, defendant Gary J. Martel ("Defendant" or "Martel") having failed to answer, plead or otherwise defend in this action, and a default having been entered on November 20, 2012,

Now, the Court having considered the Commission's motion for entry of a default judgment and supporting memorandum and declarations demonstrating that Defendant is not an infant or incompetent person or in the military service of the United States, and that the Commission is entitled to relief against the Defendant,

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Martel and each of his agents, servants, employees and attorneys and those persons in active concert or participation

with them who receive actual notice of this Final Judgment by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

## II.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Martel and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, through the use of any means or instruments of transportation or communication in interstate commerce, or of the mails:

    (a)    employing any device, scheme or artifice to defraud;

    (b)    obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person,

in the offer or sale of any security.

### III.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Martel and each of his agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-6(1), (2)] by, directly or indirectly, through the use of the means or instrumentalities of interstate commerce, or of the mails, and while acting as an investment adviser:

    (a)    employing any device, scheme or artifice to defraud any client or prospective client; or

    (b)    engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon any client or prospective client.

### IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Martel

shall pay disgorgement of $3,261,438 representing profits gained as a result of the conduct alleged in the Complaint, plus pre-judgment interest in the amount of $695,806, for a total disgorgement amount of $3,957,244, and that, pursuant to Section 21(d) of the Exchange Act [15 U.S.C. §78u(d)], Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)], Martel shall pay a civil penalty in the amount of $ _3,261,438_. These obligations shall be paid, as directed further below, within fourteen (14) days after entry of this Final Judgment. Any amounts recovered from Martel in connection with his obligation to pay restitution pursuant to a final judgment entered against him in any criminal proceeding based upon the same conduct alleged in the Complaint in this action shall be credited toward his disgorgement obligation pursuant to this Final Judgment.

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the payments required pursuant to Paragraph IV above shall be made by money order, certified check or cashier's check made payable to the Clerk, United States District Court for the District of Massachusetts. The payments shall be mailed to the Clerk of this Court, with a cover letter identifying Martel, the name and number of this action, and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit copies of the payment and cover letter to counsel of record for the Commission. Upon payment of the disgorgement and penalty obligations set forth above, Martel shall relinquish all legal and equitable right, title and interest in such payments, and no part of the funds shall be returned to him. Martel shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Clerk shall deposit the payments into an interest-

bearing account with the Court Registry Investment System ("CRIS"). These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the CRIS until further order of the Court. In accordance with the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of the Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Defendant as party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2013